IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUSTIN WONG,

    Plaintiff,

  v.

THOMSON REUTERS (MARKETS) LLC, JEFFERY WALSH, and YASHIR FATTAH,

    Defendants.

No. C 11-02864 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this employment discrimination and wage-and-hour action, plaintiff Justin Wong seeks relief against defendants Thomson Reuters (Markets) LLC, Jeffery Walsh, and Yasir Fattah. Defendants move to dismiss the claims brought against defendants Walsh and Fattah for failure to state a claim upon which relief may be granted. For the following reasons, defendants' motion is **GRANTED**.

## STATEMENT

The following facts are taken from plaintiff's complaint. Plaintiff characterizes his race as "Asian" (Compl. ¶ 16).

Plaintiff Justin Wong was employed as a Product Specialist by Thomson Reuters from approximately December 2006 through March 2011. In each of his annual performance evaluations from his date of hire through 2009, plaintiff received satisfactory or higher ratings. In approximately January 2010, plaintiff informed defendant Jeffrey Walsh, his supervisor, and

defendant Yasir Fattah, the Director of West Coast Operations for defendant Thomson Reuters, that his father had physical disabilities and was experiencing very serious health issues which required plaintiff to take time off to attend to his father's medical needs (Compl. ¶¶ 2–3, 8–10).

From the date of his hire until the date of his termination, plaintiff was continually employed by Thomson Reuters and had completed 1,250 hours of service in the 12-month period immediately preceding the date he was entitled to family medical care leaves of absence. Defendants failed to inform plaintiff of his rights under the Family Medical Leave Act or the California Family Rights Act. Plaintiff was "required to utilize" his vacation time to attend to his father's medical needs (Compl. ¶ 11).

Beginning in February 2010, Walsh and Fattah began to criticize plaintiff for excessive time off. In April 2010, Walsh and Fattah issued to plaintiff "a documented verbal warning accusing him of abusing the THOMSON REUTERS' time off policies." Plaintiff was required to produce a doctor's note for any absences due to illness during the period of April 15, 2010 through July 15, 2010, a requirement not applied to other employees. Plaintiff was restricted from working any premium holiday time and limited to a single vacation day during this period and threatened with termination if he took any additional days off for any purpose. Walsh and Fattah also began to "hyperscrutinize" plaintiff's performance and routinely criticized his work product and effort (Compl. ¶ 12).

In June 2010, plaintiff first learned of his entitlement to family medical leave to attend his father's medical issues. The next month, Walsh issued to plaintiff a "Mid-Year Check-In" in which he was highly critical of plaintiff's performance. And the next month, plaintiff informed defendants that his mother had been diagnosed with terminal cancer and that he needed time off to attend to her physical disability and serious medical issues. Thereafter, Walsh and Fattah's "hyperscrutiny and hypercriticism" of plaintiff escalated, including Walsh positioning his work station directly across from plaintiff and placing plaintiff on a monitoring program whereby his calls with customers were routinely monitored. Walsh also initiated an investigation into plaintiff's record-keeping. Additionally, Walsh required that if plaintiff needed to take time off to attend to his parents' medical needs that he take such time in half-day increments. Further, Walsh

1  and Fatah repeatedly refused to allow plaintiff time off to attend to his parents' medical issues
2  (Compl. ¶¶ 13–15).

3  In December 2010, plaintiff filed a complaint with the Department of Fair Employment
4  and Housing alleging discrimination on the basis of his race and denial of family medical leave
5  (Compl. ¶ 16).

6  At the beginning of 2011, Walsh criticized plaintiff for calling his mother too frequently
7  and restricted the frequency of his bathroom breaks, despite the fact that plaintiff had a doctor's
8  note explaining his need to use the bathroom more frequently due to stress.  Walsh issued plaintiff
9  a "highly critical" 2010 performance review that alleged plaintiff had engaged in fraudulent
10 record-keeping.  Walsh and Fattah issued to plaintiff a "Written Warning for Misconduct," which
11 was reviewed and approved by Thomson Reuters' human resources department.  Plaintiff
12 repeatedly complained to human resources and requested intervention to remedy the conduct
13 reviewed herein but "nothing was done."  On approximately March 24 of this year, plaintiff was
14 selected for termination, though there were other employees "in his job classification who had
15 less seniority" (Compl. ¶¶ 17–21).

16 In May, plaintiff filed charges against defendants with the Department of Fair
17 Employment and Housing.  On the same day, the Department issued to plaintiff Right to Sue
18 notices (Compl. ¶¶ 23–24).  The next day, plaintiff filed this complaint in state court.  Defendants
19 removed the action on the basis of diversity jurisdiction and asserting fraudulent joinder.  Plaintiff
20 did not move to remand.  The complaint asserts eleven claims against Thomson Reuters and
21 names defendants Walsh and Fattah in two of those claims: violation of the California Family
22 Rights Act by retaliation (claim one), and harassment in violation of the Fair Employment and
23 Housing Act (claim four).

24 Defendants now move to dismiss the complaint as against the individual defendants,
25 Walsh and Fattah, for failure to state a claim against them.

**ANALYSIS**

27 To survive a motion to dismiss, a complaint must contain sufficient factual matter,
28 accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v.*

3

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### 1. RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT.

Plaintiff's California Family Rights Act retaliation claim against defendants Walsh and Fattah fails because pursuant to the plain meaning of the Act only employers can be held liable under the Act. CAL. GOV'T CODE 12945.2(l). Plaintiff makes a number of unavailing arguments for why the Family Rights Act should apply against individual supervisors as well as employers.

*First*, plaintiff contends that because many provisions of the Family Rights Act were amended to "parallel" the federal Family Medical Leave Act, which allows personal liability against individual supervisors, 29 U.S.C. 2611(4)(A)(ii)(1), the California Act should permit retaliation claims to be asserted against individual supervisors as well. Under the plain meaning of the California Act, however, individual supervisors cannot be sued for retaliation.

The California Act limits liability solely to the employer. California Government Code Section 12945.2(l) provides:

> It shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of . . . (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a).[1]

"Employer" is defined as "any person who directly employs 50 or more persons to perform services for a wage or salary" (or the State). CAL. GOV'T CODE 12945.2(c)(2)(A). Under the plain meaning of the statute, individual supervisors cannot be sued for retaliation under the Act.

---

[1] Subdivision (a) creates a general prohibition "for any employer . . . to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave."

4

Because defendants Walsh and Fattah were plaintiff's supervisors and not his employer, they therefore cannot be held liable under the Act. The language of the federal Family Medical Leave Act does not change this fact.

*Second*, plaintiff argues that a regulation promulgated by the California Fair Employment and Housing Commission dictates that individual supervisors can be held liable for retaliation under the California Family Rights Act. The regulation provides, in pertinent part, "it shall be an unlawful employment practice for *any person* to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual . . . because that individual has . . . exercised his or her right to CFRA leave." CAL. CODE REGS. tit. 2, § 7297.7 (emphasis added).

Courts "assign great weight to the interpretations an administrative agency like the [Commission] gives to the statutes under which it operates, although ultimately statutory interpretation is a question of law the courts must resolve." *Reno v. Baird*, 18 Cal. 4th 640, 660 (1998). The Commission's regulation cannot counteract the clear language of the statute, which limits liability for retaliation under the Act to employers.

Plaintiff's interpretation of the Commission's regulation impermissibly extends the scope of the statute. The Commission, "has no discretion to promulgate regulations that are inconsistent with the governing statute, in that they alter or amend the statute or enlarge or impair its scope." *Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1021 (2001). Plaintiff's substitution of the Commission's regulation would enlarge the scope of the Act's retaliation provision to include individual supervisors and managers, but such an interpretation is inconsistent with the statute's plain language indicating that only "employers" are subject to liability and specifically defining "employers" to exclude such managers. As plaintiff's interpretation of the Commission's regulation counteracts the clear language of the Act, this order cannot allow the retaliation claim to proceed against the individual defendants on this basis.

*Third*, plaintiff invokes several decisions by federal district courts in California resolving motions to *remand* and considering whether individual defendants were fraudulently joined to

5

1 defeat federal diversity jurisdiction for California Family Rights Act claims.[2] Such decisions
2 obviously apply a different standard than the one at issue here — again, plaintiff chose to not
3 move to remand. On the other hand, federal district court decisions considering motions to
4 *dismiss* individual defendants from such claims — the procedural posture we have here —
5 uniformly grant such motions based on the plain language of the Act. *See, e.g.*, *Herrera v. Pepsi
6 Bottling Grp., Inc.*, No. CIV S-10-2124 GGH, 2010 U.S. Dist. LEXIS 121480, at *12
7 (E.D. Cal. Nov. 1, 2010); *Corrales v. United Rentals, Inc.*, No. CV 10-2520 GAF (RCx),
8 2010 U.S. Dist. LEXIS 58370, at *6 (C.D. Cal. May 28, 2010); *Bedwell v. Fish & Richardson,
9 P.C.*, NO. 07CV00065 WQH (JMA), 2008 U.S. Dist. LEXIS 60345, at *8 (S.D. Cal. Aug. 6,
10 2008); *McLaughlin v. Solano County*, No. 2:07-cv-02498-MCE-GGH, 2008 U.S. Dist. LEXIS
11 64457, at *6–7 (E.D. Cal. July 28, 2008).[3]

Indeed, California law clearly holds that individual defendants cannot be held liable under the Act. *See Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 287 (2009) ("There is, however, no individual liability for retaliation."). Plaintiff argues that the brevity with which the Act is discussed in the *Nazir* decision renders its definitive language less persuasive. Not so. *See also Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173 (2008) (holding non-employer individuals not personally liable for their role in retaliation). Accordingly, plaintiff's California Family Rights Act claim (claim one) against Walsh and Fattah is **DISMISSED** for failure to state a claim upon which relief may be granted.

---

[2] To this end, plaintiff requests judicial notice of two minute orders deciding motions to remand: *Ofelia Garcia v. Alta-Dena Certified Dairy LLC et al.*, Case No. 2:10-cv-05062-RGK-FFM (C.D. Cal. Oct. 22, 2010), and *Kimberly Suba v. W W Grainger Inc et al.*, Case No. 5:08-cv-00393-VAP-OP (C.D. Cal. July 29, 2008) (Dkt. No. 14). Plaintiff's request is **GRANTED,** and the Court takes judicial notice of the existence and content of, but not of the truth of the matters contained within, the minute orders. The existence and content of the documents are capable of ready and accurate determination by resort to sources the accuracy of which cannot be reasonably questioned. FRE 201(b); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of court filings in other cases related to matter under consideration).

[3] This order notes that plaintiff's opposition brief argues that defendants Walsh and Fattah were not fraudulently joined and therefore that removal was improper. Plaintiff did not, however, move to remand and has, as found herein, failed to state a claim against Walsh and Fattah upon which relief may be granted.

6

### 2. HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT.

California law distinguishes between conduct that constitutes harassment and conduct that constitutes discrimination. Whereas harassment claims may be brought against both an employer and a supervisor, discrimination claims may only be brought against the employer. *See* CAL. GOV'T CODE 12940(j)(1) ("Harassment of an employee . . . shall be unlawful if the entity, or its *agents or supervisors*, knows or should have known of this conduct.") (emphasis added). California law employs the concept of "delegable authority" to distinguish between conduct actionable as discrimination and conduct actionable as harassment. *See Reno*, 18 Cal. 4th at 646. When the allegedly illegal conduct are personnel decisions that can be delegated to a supervisor — *e.g.*, firing, job or project assignments, office or work station assignments, promotion or demotion, or performance evaluations — the claim is properly characterized as one of discrimination rather than harassment. *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 64–65 (1996).

As reviewed above, the complaint includes a number of factual allegations involving defendants Walsh and Fattah that could serve as the basis for plaintiff's harassment claim against them. These allegations, however, *all* concern actions by Walsh and Fattah based on their delegable authority and may therefore only serve as a basis of a claim for discrimination against defendant Thomson Reuters, the employer. Indeed, plaintiff does not oppose the motion as to this claim. Accordingly, plaintiff's claim of harassment in violation of the Fair Employment and Housing Act (claim four) as against Walsh and Fattah is **DISMISSED** for failure to state a claim upon which relief may be granted.

### CONCLUSION

For the reasons stated, defendants' motion to dismiss is **GRANTED**, and claims one and four are **DISMISSED** as to defendants Walsh and Fattah. The hearing on August 18 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 20, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE